The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Roger L. Dillard, Jr., additional documents submitted to Deputy Commissioner Chrystal Redding Stanback and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award except for the following modifications; the deletion of Conclusion of Law (3) and Award Paragraph (2) and revised Award Paragraph (1).
All objections raised during the deposition are ruled on according to the law and this Opinion and Award.
* * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An Employer-Employee relationship existed between plaintiff and defendant-employer.
3. The carrier on the risk at all times relevant was Liberty Mutual Insurance Company.
4. Plaintiff's average weekly wage is $208.00, yielding a compensation rate of $138.67.
5. The deposition transcript of Dr. Scott Andrew Martin was stipulated into evidence, along with the medical records of Dr. Michael Swany.
6. The issue to be determined by the Commission is whether plaintiff suffered a specific traumatic incident or injury by accident within the course and scope of her employment with defendant-employer on or about 30 June 1994, and if so, the compensable consequences thereof.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds follows:
FINDINGS OF FACT
At the time of the hearing on 16 March 1995, plaintiff was twenty-one years of age, married, and had one child. She obtained her G.E.D.
Plaintiff began working with defendant-employer on 10 June 1994 as a lumber sorter, which involved inspection and handling of materials fed into various machines. She ended up working with a co-worker on a rip saw.
On 30 June 1994, plaintiff was working the 3:30 p.m. to 11:00 p.m. shift. She and her co-worker were running wide pieces of wood into the rip saw. Plaintiff's co-worker sent a particularly heavy piece of wood through; and when plaintiff caught it, she felt a stinging sensation in her back and pain in her arm and shoulder.
On 30 June 1994, plaintiff was involved in an expedited work routine wherein she was attempting to produce extra lumber in anticipation of a week-long vacation closing of the plant for the fourth of July holiday. Her work pace was faster than normal, and the piece of lumber she was working with was particularly heavy.
Plaintiff's shoulder began to swell, so she took aspirin and pain killers to alleviate the pain. Plaintiff completed the shift working in an assembly area gluing wood pieces. She did not report being hurt at this time because she thought she was merely tired.
During the following week, defendant-employer's plant was closed for vacation. Plaintiff experienced pain in her back, shoulders and neck; and she took pain killers for the pain.
On 11 July 1994 plaintiff sought medical attention from Dr. Scott Martin, a chiropractor in Bryson City, North Carolina. At this time, plaintiff reported having back, neck and shoulder pain and that it had begun when she was injured at work on 30 June 1994. She described her pain as sharp and radiating from right to left and also down to the lumbar area. Plaintiff also told Dr. Martin that she was having headaches.
In her medical history, plaintiff reported having intermittent neck pain for the last three years, dating back to a fight she had in school three years prior. Plaintiff thought her low back pain might be attributed to an epidural injection. When plaintiff was asked by Dr. Martin how the pain originated, plaintiff described the incident at work as aforementioned here.
In this first office visit, Dr. Martin performed cervical, thoracic and lumbar x-rays, diagnosed plaintiff with a cervicothoracic sprain/strain, and authorized plaintiff to be out of work from 11 July 1994 until further notice.
On this same date, plaintiff presented the out-of-work note to Glenda Carver, the plant nurse for defendant-employer; and plaintiff reported her injury at work of 30 June 1994. Plaintiff was promptly terminated from employment due to the policy of defendant-employer to terminate sick or injured employees who do not have available Sick Leave.
Dr. Martin provided treatment to plaintiff from 11 July 1994 until 8 December 1994, using home ice therapy, spinal adjusted procedures, and electrical muscle stimulation, to which plaintiff responded well. Dr. Martin opined that the condition for which he treated plaintiff was causally related to the 30 June 1994 injury plaintiff suffered at work. As of December 8, 1994, Dr. Martin opined that plaintiff had not reached maximum medical improvement, and that he would not be able to give permanency rating without evaluating plaintiff again.
On 27 January 1995, upon referral from Dr. Martin, plaintiff was seen by Dr. Michael Swany, an orthopaedic surgeon in Franklin, North Carolina. Plaintiff presented a history of her injury at work on 30 June 1994 and complained of neck and right shoulder pain. After a physical examination, Dr. Swany diagnosed plaintiff with apparent soft tissue strain in the trapezius region of the right shoulder. He treated plaintiff with trigger point injections and prescribed physical therapy.
As of plaintiff's follow-up visit with Dr. Swany on 2 March 1995, plaintiff had experienced dramatic relief of pain in her right trapezium. Dr. Swany opined that the right trapezial muscle strain had resolved, and diagnosed plaintiff with subcapital muscle tenderness to the right side of her neck and a mild degree of medical epicondylitis. He recommended that plaintiff follow up with chiropractic treatment but did not give plaintiff a permanency rating.
Plaintiff has not returned to work since her injury at defendant-employer of 30 June 1994.
* * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident in the course of scope of her employment with defendant-employer on 30 June 1994. On said date and at the time of the injury, plaintiff was involved in a faster-than-normal work pace thereby constituting an interruption of plaintiff's normal work routine and the introduction thereby of unusual conditions. N.C. Gen. Stat. §97-2(6).
2. Plaintiff is entitled to continuing temporary total disability benefits from defendants at the rate of $138.67 per week from 30 June 1994 until such time as plaintiff returns to work at the same or greater wages as plaintiff earned with defendant-employer or defendant receives further Orders from the Commission. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to payment by defendant of all past and future medical expenses arising from her compensable injury. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, Full Commission modifies and affirms the holding of the Deputy Commissioner and enters the Following:
AWARD
1. Subject to counsel's fee, defendants shall pay to plaintiff temporary total disability beginning 30 June 1994 at the rate of $138.67 and continuing until such time as plaintiff returns to work at the same or greater wages earned while employed with defendant-employer or defendant receives further Orders from the Commission.
2. Defendants shall pay all incurred and future expenses for medical treatment resulting from plaintiff's compensable injury when bills for same have been approved pursuant to procedures established by the Industrial Commission.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded plaintiff herein shall be deducted and paid directly to plaintiff's counsel and in one lump sum through the date of the filing of this Award, and every fourth check paid thereafter.
4. Defendants shall pay the costs due this Commission.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER